**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 26 - 3157 (LLA) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 26 - 3263 (LLA) |
| DSCC, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>*Defendants*. | Civil Action No. 26 - 3330 (LLA) |

**ORDER**

On September 10, 2026, Plaintiffs League of United Latin American Citizens ("LULAC"), Common Cause, Common Cause Education Fund, UnidosUS, and City and County of Denver, Colorado filed *League of United Latin American Citizens v. U.S. Department of Homeland Security* ("*LULAC*"), No. 26-CV-3157. *LULAC*, ECF No. 1. Eight days later, Plaintiffs NAACP, Mi Familia en Acción, OCA-Asian Pacific American Advocates, National Urban League, MN8, Service Employees International Union, American Federation of Teachers, United Food and Commercial Workers International Union, and International Union of Painters and Allied Trades filed *National Association for the Advancement of Colored People v. U.S. Department of Homeland Security*, No. 26-CV-3263. *NAACP*, ECF No. 1. Five days after that, Plaintiffs Democratic Senatorial Campaign Committee ("DSCC"), Democratic Congressional Campaign Committee, Democratic Governors Association, U.S. Senate Minority Leader Charles Schumer, and U.S. House of Representatives Minority Leader Hakeem Jeffries filed *DSCC v. U.S. Immigration and Customs Enforcement*, No. 26-CV-3330. *DSCC*, ECF No. 1. On October 7, Plaintiffs in *LULAC* amended their complaint to add, among other things, Hennepin County, Minnesota as a plaintiff, several new defendants, and a cause of action under Section 11(b) of the Voting Rights Act ("VRA"), 52 U.S.C. § 10307(b). *LULAC*, ECF No. 22.

All three actions involve most of the same defendants—the U.S. Department of Homeland Security ("DHS"), DHS Secretary Markwayne Mullin, U.S. Immigration and Customs Enforcement ("ICE"), Acting ICE Director David Venturella, U.S. Department of Justice ("DOJ"), Attorney General Todd Blanche, the Federal Bureau of Investigation ("FBI"), FBI Director Kash Patel, and White House Executive Associate Director of Enforcement and Removal Operations Thomas Homan. *See LULAC*, ECF No. 22 ¶¶ 43-50; *NAACP*, ECF No. 1 ¶¶ 69-77; *DSCC*, ECF

No. 1 ¶¶ 18-20.[1] And all three actions arise out of the same alleged policy to deploy FBI and ICE agents to polling locations during the 2026 elections. *See LULAC*, ECF No. 22 ¶¶ 6-14; *NAACP*, ECF No. 1 ¶¶ 1-3, 6-9; *DSCC*, ECF No. 1 ¶¶ 4-8.

On October 9, the court directed the parties in all three cases to meet and confer and file a joint status report providing their respective positions on whether the cases should be consolidated under Federal Rule of Civil Procedure 42(a). *LULAC*, Oct. 9, 2026 Minute Order; *NAACP*, Oct. 9, 2026 Minute Order; *DSCC*, Oct. 9, 2026 Minute Order. The parties all agree that consolidation would be appropriate because of the "extensive common questions of law and fact" among the three cases. *LULAC*, ECF No. 26, at 2 (quoting *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Rsrv. Sys.* ("*NAMB*"), 770 F. Supp. 2d 283, 287 (D.D.C. 2011)); *NAACP*, ECF No. 35, at 2 (same); *DSCC*, ECF No. 15, at 2 (same). The parties further agree that "consolidation will 'promote the interests of judicial economy, consistency, timeliness and convenience, without being likely to trigger any substantial risk of inconvenience, prejudice, delay or expense for the Court or the litigants.'" *LULAC*, ECF No. 26, at 2 (quoting *NAMB*, 770 F. Supp. 2d at 287); *NAACP*, ECF No. 35, at 2 (same); *DSCC*, ECF No. 15, at 2 (same). For the reasons explained below, the court agrees with the parties and consolidates the actions.

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." When determining whether to consolidate cases, "courts weigh considerations of convenience and

---

[1] Plaintiffs in *LULAC* and *DSCC* do not sue Director Homan, and Plaintiffs in *DSCC* do not sue DOJ or Attorney General Blanche. *See LULAC*, ECF No. 22 ¶¶ 43-50; *DSCC*, ECF No. 1 ¶¶ 18-20.

economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003). "[C]onsolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009).

Here, the claims in all three actions arise out of the same factual events: the deployment of FBI and ICE agents to 2026 election polling locations across the country. *See LULAC*, ECF No. 22 ¶¶ 6-13; *NAACP*, ECF No. 1 ¶¶ 1-2, 6-9, 11; *DSCC*, ECF No. 1 ¶¶ 4-8. While Plaintiffs in *NAACP* do not raise claims under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, *see generally NAACP*, ECF No. 1, Plaintiffs in all three cases raise claims under Section 11(b) of the VRA, 52 U.S.C. § 10307(b), that substantially overlap and seek declaratory and injunctive relief, *see LULAC*, ECF No. 22 ¶¶ 21, 226-232; *NAACP*, ECF No. 1 ¶¶ 14, 235-242; *DSCC*, ECF No. 1 ¶¶ 10, 79-83. What is more, the claims turn on a common question: whether Defendants are authorized to deploy law enforcement officers to polling locations. *See LULAC*, ECF No. 22 ¶ 21; *NAACP*, ECF No. 1 ¶¶ 1, 14; *DSCC*, ECF No. 1 ¶¶ 7, 10. The court thus concludes that consolidation will promote efficient global resolution of the claims against Defendants arising out of the challenged policy. *See Chang*, 217 F.R.D. at 274-75 (finding that three actions arising out of the same factual event and challenging the same law enforcement policy "share[d] sufficient common issues of law and fact such that consolidation [was] appropriate").

Accordingly, it is hereby **ORDERED** that *NAACP*, No. 26-CV-3263, and *DSCC*, No. 26-CV-3330, shall be consolidated for all purposes with *LULAC*, No. 26-CV-3157. Filings shall bear all three case numbers and be filed on the *LULAC* docket.

**SO ORDERED.**

LOREN L. ALIKHAN
United States District Judge

Date: October 23, 2026