**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al.,<br>*Plaintiffs*,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY*, et al.*<br>*Defendants*. | Civ. A. No. 26-3157 (LLA) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE*, et al.*,<br>*Plaintiffs*,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY*, et al.*<br>*Defendants*. | Civ. A. No. 26-3263 (LLA) |
| DSCC*, et al.*,<br>*Plaintiffs*,<br>v.<br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br>*Defendants*. | Civ. A. No. 26-3330 (LLA) |

# JOINT STATUS REPORT

Pursuant to the Court's Minute Order on October 31, 2026, the *NAACP, et al. v. DHS, et al.*, No. 26-3263 (LLA) Plaintiffs and Defendants, through respective counsel, file this joint status report. Min. Order, Oct. 31, 2026. The parties met and conferred (remotely) two times on October 30, 2026; once today, November 1, 2026; and exchanged numerous emails, since Thursday, October 29, 2026, as to Plaintiffs' concerns about Defendants' production, in response to Request for Production Nos. 3 and 4.

## Plaintiffs' Request for a Status Conference

1. For the reasons described below, Plaintiffs renew their request to discuss the following remaining items at the Joint Status Conference scheduled for 10:30 a.m. on Monday.

2. As explained in the Joint Status Report ("JSR") filed October 30-31, 2026, Defendants have complied with this Court's Expedited Discovery Order. *See* Order, Oct. 21, 2026, ECF No. 41 at 9-10. Defendants note that, as of the time of this filing on November 1, 2026 – less than 36 hours before the Election Day on November 3, 2026 –Plaintiffs have expressed no intention to move for preliminary injunctive relief. *See* Order, ECF No. 41 at 4-5 (quoting Plaintiffs' Reply, ECF No. 36) (Plaintiffs will "provide notice of the emergency relief they seek and propose a briefing schedule within three business days of the substantive production.").

3. Given that Defendants provided their positions to Plaintiffs for the first time at 9:50 p.m. and the Court's 10:00 p.m. deadline, Plaintiffs did not have sufficient time to review and respond to the entirety of Defendants' position before filing. Plaintiffs did not wish to delay the filing, however, and reserve the right to address those issues at tomorrow's status conference.

**Completeness and Scope of Production for Requests for Production Nos. 3 and 4**

*Plaintiffs' Position*

4. The concerns raised in Plaintiffs' prior Joint Status Reports and joint motion for a status conference remain unresolved, and Plaintiffs reserve all rights with respect to those issues.

5. Significant questions remain regarding the adequacy of Defendants' search and the completeness of Defendants' production. There were no documents produced by DHS, ICE, and CBP for RFP No. 3. Due to DHS's own public statements, including about investigations into election-related activities, it is difficult to understand how there would be no corresponding communications, planning documents, guidance, directives, or other records addressing federal law enforcement personnel conduct at or near polling places and other election-administration locations. For example, DHS has provided FOIA responses that include emails titled "Voter Fraud Weekly" with information about HSI's Election Integrity Investigations. *See Democracy Forward Foundation v. DHS, et al.*, No. 26-02624 (BAH). This is the type of document that would be responsive to RFP No. 4, requesting "any document that supplements or supersedes" DHS guidance directing HSI to expand elections-related investigations or the DHS memorandum instructing HSI to coordinate with USCIS regarding individuals believed to have registered or voted while not U.S. citizens.

6. Moreover, Defendants have taken the position that they did not conduct ESI searches because such searches were not encompassed by expedited discovery. Accordingly, the absence of responsive communications from Defendants' production does not necessarily indicate that no such communications exist; rather, it reflects the limited scope of the searches Defendants elected to conduct.

7. Lastly, all documents produced in response to RFP No. 4 were heavily redacted, and Defendants provided their privilege log two days late without any sworn declarations supporting the law enforcement privileges invoked, as required by *Tuite v. Henry*, 98 F.3d 1411, 1417 (D.C. Cir. 1996). Plaintiffs therefore renew their request for in camera review of the six documents produced and respectfully request that the Court order production of any inappropriately redacted documents no later than 5pm ET on Monday, November 2, so that Plaintiffs can address the fears of their members going into Election Day. Alternatively, Plaintiffs would accept an attorneys' eyes-only review of the unredacted materials as a practical means of evaluating Defendants' privilege claims while preserving any legitimate confidentiality interests.

*Defendants' Position*

8. Defendants incorporate their response from the parties' Joint Motion (ECF No. 30, *LULAC v. DHS*, 26-3157, docket), at ¶¶ 5, 6, and 8.

9. With respect to RFP 3, Plaintiffs first incorrectly state that DHS produced no documents in response to this RFP. They are wrong. DHS produced the memorandum, *Enforcement Actions in or Near Protected Areas*, which rescinded and replaced the Biden-era memorandum, *Guidelines for Enforcement Actions in or Near Protected Areas*. Notably, neither memorandum addresses polling places. Plaintiffs appear to be dissatisfied that there is no DHS policy document on polling places—but this is consistent with what Defendants have been telling Plaintiffs since they filed their lawsuit. In addition, Plaintiffs note that there were no documents produced by CBP. Defendants included reasonable objections to Plaintiffs' definition of "You" to the extent it purports to include DHS components not named in this lawsuit. Defendants have explained that they coordinated with the client offices within DHS Headquarters and ICE likely to have responsive documents.

10. With respect to RFP 4, Plaintiffs state that there is a specific document that they believe is responsive to RFP 4 that DHS has not included. Plaintiffs, in sending their position statement in this JSR, *for the first time*, have provided information on the type of document they believe to be responsive to RFP 4 but missing from Defendants' production. Notably, though they purport to have specific documents that they believe are responsive, Plaintiffs still refuse to provide the specific documents or a Bates range for the alleged FOIA production. Thus, Defendants have not yet been able to fully review the "Voter Fraud Weekly" referenced by Plaintiffs. However, to the extent Plaintiffs are referencing an August 31, 2026 document titled "HSI Election Integrity Investigations," that document is not responsive to Plaintiffs' request because it neither "supersedes" nor "supplements"—descriptions Plaintiffs elected to use in their RFP—either of the documents specifically requested in RFP No. 4. RFP No. 4 asked for two specific documents: (1) "the internal DHS guidance, reported by CNN on August 31, 2026, directing Homeland Security Investigations to expand elections-related investigations in at least nine states between early September and mid-October 2026" and (2) "the 2026 DHS memorandum or directive instructing Homeland Security Investigations to coordinate with U.S. Citizenship and Immigration Services in identifying, investigating, or referring for prosecution individuals believed to have registered or voted while not U.S. citizens." Based on Plaintiffs' description, Defendants produced, in part, an August 28 email.[1] The August 31 "HSI Election Integrity Investigations" document contains the same language as the August 28 email—"Beginning September 1, 2026, HSI will launch a coordinated Criminal Voter Fraud surge initiative to pursue investigative leads, conduct field interviews, and support timely prosecutorial review"[2]—*see id.*, Dkt. 77-1 at 2, and lists the same

---

[1] That email—titled "08196-26 [BCAST] Voter Fraud Surge – Broadcast Message Request"—is also part of the administrative record in *California Nurses*. *See* No. 26-10680-AMO (N.D. Cal.), Dkt. 77-1 at 4.

[2] This is also the language in the CNN article cited by Plaintiffs as responsive to their request in RFP No. 4. *See* Dkt. 33-1 at 4 (citing Complaint ¶ 117, Dkt. 1 at 30).

unredacted information about the investigations. The remainder of the August 31 document, with the exception of basic enforcement statistics and general information about upcoming elections, is redacted as law enforcement privileged in the *California Nurses* administrative record. Such generalized information does not "supplement" or "supersede" the August 28 email that Defendants produced. And, in any event, neither document addresses DHS's presence at polling places.

11. Plaintiffs also complain about DHS's law enforcement redactions. Defendants are reviewing the edits provided by Plaintiffs to the draft protective order. Defendants offered to enter into a protective order that would permit the production of law enforcement sensitive information. Moreover, contrary to Plaintiffs' representation, Defendants are not required to provide a declaration perfecting the law enforcement privilege at the time of serving a privilege log. Should plaintiffs wish to file a motion to compel—which would be an extraordinary measure given that Plaintiffs have offered to enter into a protective order—Defendants will provide a declaration perfecting the privilege.

12. Plaintiffs cite to *Tuite v. Henry*, 98 F.3d 1411, 1417 (D.C. Cir. 1996), for their position that a declaration is needed. It is not. "[T]he government ha[s] no obligation to formally invoke the privilege in advance of the motion to compel." *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 134 (D.D.C. 2005). *See In re Sealed Case,* 121 F.3d 729, 741 (D.C. Cir. 1997); *Tuite v. Henry,* 98 F.3d 1411, 1417 (D.C. Cir. 1996). In other words, no declarations in support of the privilege log provided were required of Defendants.

13. Further, in this Joint Status Report, Plaintiffs reference FOIA production from the FOIA litigation *Democracy Forward Foundation v. DHS, et al.*, No. 26-02624 (BAH), to demonstrate their belief that "DHS Weeklies" were produced in that case. For the expedited

production in this case, there was no request for production that included the FOIA production from *Democracy Forward Foundation* here – nor did the Court order the government to produce a copy of the FOIA production from that case. In the past four days, Defendants offered numerous opportunities for Plaintiffs to identify specific documents that Plaintiffs believed were not included in the government's production. This is the first time that Plaintiffs have referenced the FOIA production in *Democracy Forward Foundation*.

**Proposed Declarations or Interrogatory Response as a Path Forward**

*Plaintiffs' Position*

14. Defendants have maintained that their production is complete and have represented that they coordinated with client offices within DHS Headquarters and ICE likely to possess responsive records, that those offices conducted manual searches, and that Defendants' responses complied with Rule 34. However, because of the above-detailed deficiencies in Defendants' production, Plaintiffs remain concerned about the purported absence of any policy, particularly because it is a federal crime for federal officials and agents to intimidate voters or interfere with elections, including by deploying armed agents to locations where elections are being held. *See* 18 U.S.C. §§ 592, 594, 595, 598; *see also* Justice Manual § 9-85.400.

15. Given the limited time remaining before Election Day, the parties attempted to identify a practical, narrow path forward that would satisfy Plaintiffs' interests in seeking expedited discovery without requiring the Court to immediately resolve every outstanding discovery dispute, but the parties did not succeed.

16. Because Defendants have failed to conduct a reasonable search for responsive documents, Plaintiffs respectfully request that the Court consider ordering Defendants to respond to an interrogatory in the form of the proposed sworn declarations, or in the alternative, statements, set out below, addressing the principal issues that expedited discovery was intended to illuminate,

while reserving any remaining disputes regarding the adequacy of Defendants' production, search methodology, privilege assertions, or other discovery issues for further discussion with Defendants and, if necessary, further proceedings after Election Day.

17. Plaintiffs note that, on October 31, Defendants provided a statement from the FBI concerning the conduct of its personnel at polling locations reported on October 30. Exhibit 1 (Malycke, Oct. 31, 4:33pm Email). The statement explained that, after the FBI became aware that agents may have been observed near an active polling location in Washington D.C., it immediately disseminated guidance to all relevant local personnel reiterating the prohibition under 18 U.S.C. § 592 on armed federal law enforcement personnel being present at or near active polling locations. According to the statement, personnel were directed "to not engage in foot patrols at or near any polling location where voting is occurring" and were "advised that the only exception to that prohibition is if there is an active shooter at a particular polling location."

18. This statement demonstrates that at least one Defendant can immediately provide a clear representation regarding the policies, guidance, and instructions governing federal personnel in connection with election activities.

19. Plaintiffs believe the most efficient path forward at this stage is for Defendants to provide interrogatory responses addressing the following matters. The Parties have discussed the matter of Plaintiffs' proposed declarations in two meet and confers.

20. Plaintiffs also requested the following declarations by email on October 31, 2026 at 12:39 PM and 9:03 PM. Exhibit 2 (Cusick, Oct. 31, 12:39pm Email); Exhibit 3 (Cusick, Oct. 31, 9:03pm Email).

a. A sworn declaration from DHS indicating whether or not DHS has conducted a reasonable search for all policies, guidance, directives, training materials, and operational plans responsive to Plaintiffs' requests, and that its production is complete to the best of DHS's knowledge after that search.

The declaration would further confirm that DHS and its components did not find any existing policies, guidance, directives, training materials, or operational plans governing personnel conduct in the vicinity of polling places, election offices, ballot-processing facilities, canvassing locations, or vote-counting operations.

b. A sworn declaration, either together or separately, from DHS indicating that, in response to RFP No. 3, Defendants completed their production and in it includes the full universe of guidance, policies, directives, training materials, or operational plans governing election-related activities. The declaration would confirm that the only responsive guidance produced was the Election Crimes Manual, 8th Edition and that guidance remains current and operative and continues to govern the conduct of DOJ personnel and components. The declaration would further clarify that DOJ has not issued, adopted, or relied upon any additional election-related guidance, directives, or policies that were not produced in response to RFP No. 3.

c. A sworn declaration from DOJ confirming that the election guidance produced in response to RFP No. 3, *Election Crimes Manual, 8th Edition,* remains current and operative policy and continues to govern DOJ personnel and components in connection with election-related activities during the 2026 election cycle and for the foreseeable future. The declaration would acknowledge that DOJ would further attest that it has not rescinded, superseded, or suspended that guidance except as expressly disclosed in its production.

d. A sworn declaration, either together or separately, acknowledging that in addition to the Election Crimes Manual, 8th Edition, the Justice Manual publicly sets forth internal DOJ policies and procedures. §1-1.100. The Justice Manual describes 18 U.S.C. § 592 as prohibiting "armed federal presence where elections are held" and "the presence of armed officials at a location where an election is being held." Justice Manual § 9-85.400.

21. This morning, Defendants' counsel invited Plaintiffs to offer a way to resolve their ongoing discovery dispute, including whether declarations from Defendants would be sufficient. ("Defendants remain willing to work with Plaintiffs – but need to know what it is that will fully resolve Plaintiffs' challenge to the government's production. If Plaintiffs believe that declarations will fully resolve their challenge to production, then please state as much.").

22. In response, Plaintiffs requested either a sworn declaration, or in the alternative, a statement, from Defendants DOJ and DHS stating their commitment to comply with 18 U.S.C. § 592, "communicated without delay to all agents, officers, and personnel who could conceivably be operating in the vicinity of where elections are being administered, even if they are [] outside of DC." Exhibit 4 (Wong Nov. 1, 12:59pm email). Plaintiffs requested such declaration or statement by 5pm today.

23. The Parties met and conferred at 3:15pm today. As of this filing, Defendants have not provided any such statement or declaration, nor have they indicated that any statement or declaration would be forthcoming.

24. Plaintiffs conveyed to Defendants that the requested declarations and assurances are intended to provide clarity Plaintiffs sought through their expedited discovery motion, regarding federal personnel conduct in connection with election administration activities while such activities are ongoing. Absent a prompt response, Plaintiffs may be deprived of the principal benefit of the expedited discovery ordered by the Court, namely obtaining meaningful information before the election occurs.

25. Plaintiffs also conveyed to Defendants' counsel that in the alternative they would be willing to consider a representation modeled on the statement already provided by the FBI through Defendants' counsel on October 31, namely that federal law enforcement officers or agents will not engage in patrols at or near locations where election administration activities are occurring.

26. Plaintiffs understand and interpret the October 31 FBI statement as reflecting Defendants' understanding of their obligations under federal law. As such, Plaintiffs' position is that any statements resolving the discovery disputes in this case would reflect that the same

restrictions apply nationwide and are not limited to activities occurring in the District of Columbia Furthermore, Plaintiffs requested with Defendants that the declaration or statement would bind the agency's conduct during the 2026 Election Cycle.

*Defendants' Position*

27. The Court did not order interrogatories. In an extremely expedited posture, the Court ordered specific, limited Requests for Production. Defendants have responded, based on reasonable searches, to those RFPs. Plaintiffs, apparently dissatisfied with the fact that the policy they challenged in this lawsuit does not exist, seek to expand the Court's order on discovery.

28. In an act of misdirection, Plaintiffs request that the Court—in response to a discovery challenge—order relief that is more appropriate to a motion for temporary restraining order. But Plaintiffs have had weeks—arguably months—to file a motion for TRO and have not done so. Now, after discovery showing that the policy they challenged does not exist, rather than dismiss their complaint, they ask the Court to order guidance to be issued to thousands of DHS and DOJ employees—to resolve a dispute about requests for production.

29. In addition, for clarification and context, the statement from the Federal Bureau of Investigation ("FBI") was shared by Defendants' undersigned counsel in response to an inquiry by one of the Plaintiffs' counsel, Orlando Economos, in the *LULAC, et al. v. DHS, et al.*, 26-3157. It just happens that Defendants' undersigned counsel is also counsel in that matter. FBI provided an explanation as to the presence of FBI agents near a polling place in Washington, D.C., on October 30, 2026. The response was not requested by Plaintiffs' counsel pursuant to a discovery request in this matter.

[signature block on following page]

Date: November 1, 2026

Respectfully submitted,

/s/ I. Sara Rohani
I. Sara Rohani (DC Bar No. 1781155)
Hayley Hahn** (DC Bar No. 90045921)
Victor Olofin*** (DC Bar No. 90030772)
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
700 14th Street NW, Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
srohani@naacpldf.org

John S. Cusick*
Brittany Carter***
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006

Miranda Galindo***
Rex Chen***
LATINOJUSTICE PRLDEF
475 Riverside Drive, #1901
New York, NY 10115

Kristen M. Clarke (DC Bar No. 973885)
Anthony P. Ashton (D.D.C. Bar No. MD25220)
Max L. Meyers***
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
4805 Mt. Hope Dr.
Baltimore, MD 21215

JEANINE FERRIS PIRRO
United States Attorney

/s/ Catherine J. Malycke
CATHERINE J. MALYCKE
VA Bar No. 84952
Assistant United States Attorney
Civil Division
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 809-3495
Catherine.Malycke@usdoj.gov

*Attorneys for the United States of America*

Leah Wong*
Jane Shim*
Patrick Stegemoeller*
Dinesh McCoy*
Niji Jain***
ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013

Jasleen K. Singh*
Patrick Berry*
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271

Hayne Yoon*

/s/ I. Sara Rohani
I. Sara Rohani (DC Bar No. 1781155)
Hayley Hahn** (DC Bar No. 90045921)
Victor Olofin*** (DC Bar No. 90030772)

<u>/s/ Hayden Johnson</u>
Hayden Johnson (DC Bar No. 1671830)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Avenue NW #163
Washington, DC 20006
(202) 579-4582
Hayden.Johnson@protectdemocracy.org

Jessica A. Marsden*
PROTECT DEMOCRACY PROJECT
101 Glen Lennox, Suite 300
Chapel Hill, NC 27517

Benjamin R. Farley (DC Bar No. 90042585)
Imani Franklin (DC Bar No. 90006160)
NATIONAL IMMIGRATION LAW CENTER
PO Box 34573
Washington, DC 20043

*Counsel for Plaintiffs NAACP, MFA, OCA, NUL, and MN8*

BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
777 6th St. NW, Suite 1100
Washington, DC 20001

*Counsel for Plaintiff SEIU*

Norman L. Eisen (DC Bar No. 435051)
Pooja Chaudhuri (DC Bar No. 888314523)
Sofia Fernandez Gold (DC Bar No. 90010196)
Harold Craig Becker (DC Bar No. 371239)
Tianna Mays (DC Bar No. 90005882)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003

*Counsel for Plaintiffs AFT, UFCW, and IUPAT*

NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
Tel: (202) 682-1300
700 14th Street NW, Ste. 600
Washington, DC 20005
srohani@naacpldf.org

John S. Cusick*
Brittany Carter***
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006

Miranda Galindo***
Rex Chen***
LATINOJUSTICE PRLDEF
475 Riverside Drive, #1901
New York, NY 10115

Kristen M. Clarke (DC Bar No. 973885)
Anthony P. Ashton (D.D.C. Bar No. MD25220)
Max L. Meyers***
NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE
4805 Mt. Hope Dr.
Baltimore, MD 21215


** Admitted pro hac vice*
*** Admission to D.D.C. pending*
**** Pro hac vice application forthcoming*