# EXHIBIT 3

Outlook

## RE: Meet and Confer, Sunday, Nov. 1, 2026 - NAACP v. DHS, 26-3263 (DDC)

**From** John Cusick <jcusick@naacpldf.org>
**Date** Sat 2026-10-31 21:03
**To** Malycke, Catherine (USADC) <Catherine.Malycke@usdoj.gov>; Leah Wong <LWong@aaldef.org>; Hayden Johnson <hayden.johnson@protectdemocracy.org>; Miranda Galindo <mgalindo@latinojustice.org>; Pooja Chaudhuri <pooja@democracydefenders.org>; jasleen.singh@nyu.edu <jasleen.singh@nyu.edu>; Imani Franklin <franklin@nilc.org>
**Cc** Bardo, John (USADC) <John.Bardo@usdoj.gov>

Hey Cate,

Thank you for reaching out. Certain assurances could be one path for resolving the expedited discovery dispute. To that end, I know you have relayed Plaintiffs' requests to DHS and DOJ, which are copied and pasted below for ease of reference from my email this morning at 12:39 p.m.

1. **For DHS**:
    a. A sworn declaration from DHS indicating whether or not DHS has conducted a reasonable search for all policies, guidance, directives, training materials, and operational plans responsive to Plaintiffs' requests, and that its production is complete to the best of DHS's knowledge after that search. The declaration would further confirm that DHS and its components did not find any existing policies, guidance, directives, training materials, or operational plans governing personnel conduct in the vicinity of polling places, election offices, ballot-processing facilities, canvassing locations, or vote-counting operations.
    b. Either together or separately, a sworn declaration from DHS indicating that, in response to RFP No. 3, Defendants completed their production and in it includes the full universe of guidance, policies, directives, training materials, or operational plans governing election-related activities. The declaration would confirm that the only responsive guidance produced was the *Election Crimes Manual, 8th Edition* and that guidance remains current and operative and continues to govern the conduct of DOJ personnel and components. The declaration would further clarify that DOJ has not issued, adopted, or relied upon any additional election-related guidance, directives, or policies that were not produced in response to RFP No. 3.
2. **For DOJ**:
    a. A sworn declaration from DOJ confirming that the election guidance produced in response to RFP No. 3, *Election Crimes Manual, 8th Edition,* remains current and operative policy and continues to govern DOJ personnel and components in connection with election-related activities during the 2026 election cycle and for the foreseeable future. The declaration would acknowledge that DOJ would further attest that it has not rescinded, superseded, or suspended that guidance except as expressly disclosed in its production.
    b. Either together or separately, a sworn declaration acknowledging that in addition to the Election Crimes Manual, 8th Edition, the Justice Manual publicly sets forth internal DOJ policies and procedures. §1-1.100. The Justice Manual describes 18 U.S.C. § 592 as prohibiting "armed federal presence where elections are held" and "the presence of armed officials at a location where an election is being held." Justice Manual § 9-85.400.

As we flagged, these are a starting point, and we welcome a counterproposal on language or an initial discussion. Different iterations of the proposed language above also seem consistent with the response you shared earlier today from the FBI, which is a Defendant in our case.

Unfortunately, I have an immovable conflict for a chunk of the day tomorrow. Leah will be the primary contact for handling the meet-and-confer and finalizing the notice of any updates.

Do you know when you may have updates from DHS, DOJ, or both? If not, would you prefer to schedule a meet-and-confer beforehand to discuss the requests or wait until you hear back? We look forward to these continued discussions.

Many thanks,
John

---

**From:** Malycke, Catherine (USADC) <Catherine.Malycke@usdoj.gov>
**Sent:** Saturday, October 31, 2026 8:13 PM
**To:** Leah Wong <lwong@aaldef.org>; Hayden Johnson <hayden.johnson@protectdemocracy.org>; M Galindo <mgalindo@latinojustice.org>; Pooja Chaudhuri <pooja@democracydefenders.org>; jasleen.singh@nyu.edu; Imani Franklin <franklin@nilc.org>; John Cusick <jcusick@naacpldf.org>
**Cc:** Bardo, John (USADC) <John.Bardo@usdoj.gov>
**Subject:** Meet and Confer, Sunday, Nov. 1, 2026 - NAACP v. DHS, 26-3263 (DDC)

[Caution: EXTERNAL EMAIL]

All –

As you are probably aware, Judge AliKhan entered a Minute Order tonight, directing the parties to continue meeting and conferring and provide an update to the Court by 10 PM tomorrow, November 1, 2026. I welcome your thoughts on what Plaintiffs seek in order to resolve this discovery dispute. It seems that Plaintiffs seek assurances of some kind. I refer you to my commitment to ongoing open lines of communication that I have with Plaintiffs' counsel Orlando Economos in the *LULAC v. DHS*, 26-3157 matter, by email and phone, from today through the Election Day on November 6, 2026.

Please let me know your thoughts on how we can amicably resolve the discovery dispute in this case. If you would also like a commitment as to ongoing open lines of communication from me, I can provide that.

Thank you.
Cate

**Catherine J. Malycke ("Cate")** | Assistant U.S. Attorney
Civil Division, U.S. Attorney's Office
601 D St., NW, Washington, D.C. 20530
Ph: (202) 809-3495 (cell)
Em: Catherine.Malycke@usdoj.gov